UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS CORNELL JACKSON #748757,   Case No. 2:18-cv-00019

        Plaintiff,   Hon. Gordon J. Quist
                                                U.S. District Judge

v.

JOSEPH CORONADO, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

### Introduction

This is a civil rights action brought by state prisoner Douglas Jackson pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on February 14, 2018. He alleged that, in early February 2018, while he was confined at the Baraga Correctional Facility[1], Defendants retaliated against him for filing a civil rights complaint by placing him in a suicide cell without reason and threatening to beat or kill him if he did not drop his complaint and subsequent lawsuit. Plaintiff filed his civil complaint in this case (ECF No. 1) just days after the alleged retaliation and threats.

Although Plaintiff has filed grievances in other matters, it is undisputed that he has not filed any grievances relating to the claims he raises in this lawsuit.

---

[1] Plaintiff has since been transferred and is currently confined at the Oaks Correctional Facility.

Defendants in this case – Corrections Officer Joseph Coronado, Corrections Officer Gerald Undermann, Corrections Officer Mark Skytta, and Corrections Officer Bobby Holley – filed a motion for summary judgment (ECF No. 12) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (ECF No. 16.)

Title 42, United States Code, Section 1997e(a) bars civil rights suits under Section 1983 until such time as "administrative remedies as are available are exhausted." This exhaustion requirement is intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525 (2002). But a prisoner's administrative remedies are not available "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. \_\_\_, 136 S.Ct. 1850, 1859-60 (2016).

Here, Plaintiff alleges acts of intimidation that are sufficient to create a genuine issue of material fact as to whether administrative remedies were actually available to him. As a result, the undersigned respectfully recommends that this Court deny Defendants' motion for summary judgment due to Plaintiff's failure to exhaust administrative remedies.

**Allegations**

Plaintiff filed his civil complaint in this Court on February 14, 2018. (ECF No. 1.) His allegations concerned events occurring only days before he filed this

complaint. He alleged that, on January 31, 2018, he filed a civil rights complaint against Defendants Coronado, Skytta, Holley, and others. Plaintiff says that, on February 6, 2018, Defendant Coronado falsely asserted that he made a suicidal threat. As a result, Defendants removed Plaintiff from his cell, placed him in restraints, strip searched him, and placed him in a suicide cell with only a mattress. Plaintiff complains that the restraints were too tight. Plaintiff alleges that he was threatened by Defendants. He says that Defendants Skytta and Holley told him that he was lucky that they were being watched and that if Plaintiff did not drop his lawsuit, they would beat him to death. Plaintiff claims that Defendant Skytta told him that he would be killed if he complained about their treatment of him. Plaintiff indicates that he assured Defendants that he would not tell.

Plaintiff alleges that on February 9, 2018, he received a class I misconduct report for possession of a weapon issued by Corrections Officer Lindemann (Undermann). Plaintiff alleges that he was issued this misconduct in retaliation for filing a complaint. At the time Plaintiff filed his civil complaint in this Court, he had not had a hearing on this issue.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment

3

is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

## Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *Morris v. Oldham Cnty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the*

4

*Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel*, 270 F.3d at 1056 (citing 11 James William Moore, et al., *Moores Federal Practice* § 56.13[1], at 56-138 (3d ed. 2000)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter*, 534 U.S. at 532; *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19.

The grievance process will be considered unavailable (1) where officers are unable or consistently unwilling to provide relief, (2) where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or (3) "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S.Ct. at 1859-60.

## Analysis

It is undisputed that Plaintiff never filed any grievances against Defendants based upon the allegations in the complaint. Plaintiff alleges that Defendants violated his rights between January 25 and February 9, 2018. A few days later, Plaintiff filed this complaint. Plaintiff signed the complaint on February 12, 2018. The ECF filing is dated February 14, 2018.

The question here is whether Plaintiff has alleged facts that would satisfy the third exception in *Ross*: whether prison officials through "machination, misrepresentation, or intimidation" prevented Plaintiff from pursuing a remedy through the grievance the process. *Id*.

The *Ross* Court did not define or otherwise describe the term "intimidation." The parties also do not attempt to provide a definition of this term.[2] But, "once the

---

2      Several Courts of Appeal – both before and after *Ross* – have concluded that an administrative remedy was potentially not available if the inmate was subject to intimidation for pursuing that remedy. These Courts have also addressed the showing an inmate must make to establish a level of "intimidation" that would defeat a failure-to-exhaust defense. *See Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008) (adopting a two-prong test requiring inmate to show (1) that he personally was deterred from filing a grievance (the subjective component), and (2)

6

defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." *Rinaldi*, 904 F.3d at 268.  In the opinion of the undersigned, Plaintiff's affidavit in support of his civil complaint sets forth facts that are sufficient to create a genuine issue of material fact as to whether administrative remedies were actually available to him.  Specifically, Plaintiff alleges that Defendants retaliated against him for filing a civil rights complaint by (1) placing him in a suicide cell when he was not suicidal, (2) destroying or damaging his legal papers, and (3) threatening to sexually assault him.  In addition, Plaintiff alleged that Defendants told him (1) that he would be beaten to death if he did not drop his lawsuit (likely the civil rights complaint mentioned in Plaintiff's initial complaint in this Court), and (2) that he was prosecuted for possession of a weapon because he had not dropped this lawsuit. (ECF No. 1-1, PageID.20-22.)  *See also Bostrom v. Rowland*, No. 1:15-CV-336, 2016 WL 4257531, at *4 (W.D. Mich. July 20, 2016), (stating "the Court has no trouble concluding that the harms Plaintiff alleges – physical violence, threats of sanction, and deprivation of familial contact – satisfy any reasonable definition of

---

that the threat would also deter a reasonable inmate of ordinary fortitude (the objective component)); *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (same); *McBride v. Lopez*, 807 F.3d 982, 987-88 (9th Cir. 2015) (adopting *Turner* test requiring objective and subjective showings); *Rinaldi v. United States*, 904 F.3d 257, 269 (3d Cir. 2018) (ruling that "an inmate must show (1) that the threat was sufficiently serious that it would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance and (2) that the threat actually did deter this particular inmate").

7

'intimidation'") *report and recommendation adopted*, No. 1:15-CV-336, 2016 WL 4248146 (W.D. Mich. Aug. 11, 2016).

## Recommendation

For the foregoing reasons, I respectfully recommend that Defendants' motion for summary judgment (ECF No. 12) be denied.

Dated:   May 30, 2019                                  /s/ *Maarten Vermaat*
                                                                      MAARTEN VERMAAT
                                                                      U. S. MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).