UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS CORNELL JACKSON #748757,

    Plaintiff,

v.

    Case No. 2:18-CV-19

    HON. GORDON J. QUIST

JOSEPH CORONADO, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Defendants have filed an Objection to Magistrate Judge Maarten Vermaat's May 30, 2019, Report and Recommendation (R & R) (ECF No. 21), recommending that the Court deny Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. As the magistrate judge observed, there was no dispute that Plaintiff did not exhaust his administrative remedies, and in fact would not have had time to complete the process before filing suit, because Plaintiff filed his complaint only days after the alleged retaliatory conduct occurred. (*Id.* at PageID.212–13.) The only open issue for summary judgment was whether Defendants, through threats or intimidation, effectively rendered the grievance process unavailable to Plaintiff. *Ross v. Blake*, 578 U.S. __, 136 S. Ct. 1850, 1858–60 (2016). The magistrate judge concluded, based on Plaintiff's statements in his affidavit in support of his complaint (ECF No. 1-1), that Plaintiff's allegations of threats and retaliation by Defendants for Plaintiff's prior lawsuits create a genuine issue of material fact as to whether the administrative process was available to Plaintiff. (ECF No. 21 at PageID.218.) Defendants argue that the Court should reject the R & R because,

although Plaintiff presented some evidence, Plaintiff's unsubstantiated assertions were insufficient to overcome the substantial evidence in the record that the grievance process was available to Plaintiff.

Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Defendants' Objection, Plaintiff's Opposition to the Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Defendants cite three reasons for concluding that the grievance process was available to Plaintiff and that Plaintiff should have complied with it. First, Defendants note that the Step III grievance report Defendants submitted in support of their summary judgment motion shows that Plaintiff was not only familiar with the grievance process, but was a prolific grievant, having filed more than 300 grievances through Step III between November 2011 and September 2018. (ECF No. 22 at PageID.221 (citing Defs.' Ex. 2 (ECF No. 13-3 at PageID.104–191).) Second, Defendants point out that the Step III report shows that Plaintiff filed numerous grievances concerning events at Baraga Correction Facility within a month of February 9, 2018—around the time Plaintiff alleges Defendants prevented him from pursuing grievances. (*Id.* at PageID.22 (citing Defs.' Ex. 2 (ECF No. 13-3 at PageID.109–115).) Finally, Defendants note that in another case Plaintiff filed around the same time as the instant case, Judge Maloney concluded that Plaintiff failed to exhaust his administrative remedies. *See Jackson v. Bastian*, No. 2:18-CV-16 (W.D. Jan. 11, 2019) (ECF No. 24).

Although Defendants' arguments are persuasive, they do not demonstrate that no genuine issue of material fact remains. For purposes of summary judgment, Plaintiff's statements in his

affidavit must be taken as true. *Young v. Am. Diabetes Ass'n*, 30 F. App'x 360, 365 (6th Cir. 2002) (observing that unrebutted statements in an affidavit are accepted as true on a motion for summary judgment). While the evidence Defendants cite might cast doubt on Plaintiff's assertion that the grievance process was unavailable, such evidence presents an issue of credibility that may not be resolved on summary judgment. As to Judge Greeley's Report and Recommendation and Judge Maloney's Order adopting it in Case No. 2:18-CV-16, Defendants did not bring that case to Magistrate Judge Vermaat's attention in a supplemental filing, and there is no indication that he was aware of it when he issued the R & R. Moreover, there is no indication in the Report and Recommendation in Case No. 2:18-CV-16 that Plaintiff argued, or that Magistrate Judge Greeley considered, whether the grievance process was unavailable due to threats and intimidation. Of course, the fact that Plaintiff apparently did not raise the issue in that case may have some bearing on the issue in the instant case, but Plaintiff's failure to do so would go to credibility—a matter that cannot be resolved on summary judgment. *Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011) ("When reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited.") (internal quotation marks omitted).

Defendants request that if the Court concludes that a factual issue remains—which it does—the Court order a bench trial on exhaustion. Defendants' request for a bench trial is appropriate, as "disputed issues of fact regarding exhaustion under the PLRA present[] a matter of judicial administration that could be decided in a bench trial." *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). Because a disputed issue of material fact remains, a bench trial is an appropriate means for deciding the threshold issue of exhaustion, which must be established before the case may proceed on the merits.

Therefore,

**IT IS HEREBY ORDERED** that the May 30, 2019, Report and Recommendation (ECF No. 21) is **ADOPTED** as the Opinion of this Court. Defendants' Objection (ECF No. 22) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that a bench trial/evidentiary hearing shall be held at a date and time to be set by the magistrate judge, to resolve the disputed issue of whether the grievance process was unavailable to Plaintiff.

Dated: August 19, 2019                               /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE