UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS CORNELL JACKSON #748757,

    Plaintiff,

v.

JOSEPH CORONADO, et al.,

    Defendants.
_____/

Case No. 2:18-cv-00019

Hon. Gordon J. Quist
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

On September 23, 2019, Plaintiff filed a motion for a preliminary injunction. (ECF Nos. 35 and 37 (supplement to motion.)  Defendants filed a response (ECF No. 38) and Plaintiff replied.  (ECF No. 39.) Plaintiff Jackson moves under Fed. R. Civ. P. 65 for preliminary injunctive relief enjoining Defendants from all contact with Jackson and his active and pending legal papers, ordering review of video footage of the property room at Baraga Correctional Facility (AMF), and transferring Jackson to a new prison. The undersigned has reviewed the materials filed by the parties and respectfully recommends that the Court deny Jackson's motion for preliminary injunctive relief.

### II. Factual Allegations

Plaintiff filed his civil complaint in this Court on February 14, 2018. (ECF No. 1.) His allegations concerned events occurring only days before he filed this complaint. He alleged that he filed a civil rights complaint against Defendants

Coronado, Skytta, Holley, and others on January 31, 2018.[1] (*Id.*, PageID.3.) Plaintiff says that, on February 6, 2018, Defendant Coronado falsely asserted that he made a suicidal threat. As a result, Defendants removed Plaintiff from his cell, placed him in restraints, strip searched him, and placed him in a suicide cell with only a mattress. Plaintiff complains that the restraints were too tight. Plaintiff alleges that he was threatened by Defendants. He says that Defendants Skytta and Holley told him that he was lucky that they were being watched and that if Plaintiff did not drop his lawsuit, they would beat him to death. Plaintiff claims that Defendant Skytta told him that he would be killed if he complained about their treatment of him. Plaintiff indicates that he assured Defendants that he would not tell. Plaintiff alleges that on February 9, 2018, he received a class I misconduct report for possession of a weapon issued by Corrections Officer Lindemann (Undermann). Plaintiff alleges that he was issued this misconduct ticket in retaliation for filing a complaint. At the time Plaintiff filed his civil complaint in this Court, he had not had a hearing on this issue.

Jackson requests that the Court issue an injunction and restraining order to stop Defendants and their colleagues from interfering with his litigation, to return confiscated property after reviewing video evidence, and to transfer him to a different prison. (ECF Nos. 35 and 37.) Jackson says that he has been transferred back and forth from Baraga Correctional Facility. Jackson claims that the Defendants have harmed him through threats, intimidation, and vandalization of legal papers. He

---

[1] A review of ECF filings by Jackson reveals that Jackson filed the complaint in *Jackson v. Kokko, et al.*, on January 31, 2018. (*See* W.D. Mich. Case No. 2:18-cv-15.)

2

claims that they intend to continue to do so, causing irreparable harm by interfering with this and other ongoing litigation.

### III. Analysis

Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ne. Ohio Coal.*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.

*Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978).

Jackson's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989).

A review of the materials of the record does not establish a substantial likelihood of success with respect to Jackson's underlying claims. The record at the time of Jackson's motion contains no evidence to indicate he is likely to prevail in his claims. Jackson alleges that the Defendants threatened him with violence and sexual assault, destroyed his legal papers, and placed him in a suicide cell when he was not suicidal in retaliation for filing a previous civil rights complaint. At the time of his motion, Jackson has supported the allegations in his complaint only with his own statements in the form of affidavits and copies of grievances that he has filed well after the complaint (ECF Nos. 1, 35, and 37). Jackson does not present an argument that these statements or any evidence in the record establishes a substantial likelihood of success with respect to his underlying claims.

Additionally, to the extent that Jackson is seeking injunctive relief against individuals who are not Defendants in this case, the Court does not have jurisdiction over nonparties to this action. *Radio Corp., v. Hazeltine Research Inc.*, 395 U.S. 100 (1969).

4

A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages. *Overstreet*, 305 F.3d at 578. In addition, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in his complaint. *Colvin v. Caruso,* 605 F.3d 282, 299-300 (6th Cir. 2010). A motion for preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. Simply put, a plaintiff is not entitled to a preliminary injunction on claims not pending in the complaint. *Ball v. Famiglio,* 396 F. App'x 836, 837 (3d Cir. 2010).

Jackson has failed to assert factors that establish that he will suffer irreparable harm in the absence of an injunction. Where Jackson is concerned about the Defendants retaliating against him, his request for preliminary injunctive relief is based on speculative future conduct that is already prohibited by rules and policies that the Defendants are bound to follow.

Additionally, since filing this motion seeking preliminary injunction, Jackson has been assigned counsel. Thus, to the extent Jackson was concerned about harm from future interference with his legal documents by property room staff, that concern is now mitigated by the fact that his case documents should be managed by his attorney moving forward.

In his request for injunctive relief, Jackson asks this Court to order the MDOC to move Jackson out of AMF. A search on the MDOC's Offender Tracking Information System (OTIS) website shows that Jackson remains incarcerated at AMF in a Level

5

V cell. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber= 748757 (last visited June 16, 2020). Jackson invites this Court to become involved in prisoner placement. But "[t]he federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976).

Relatedly, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

### IV. Recommendation

Therefore, it is respectfully recommended that the Court deny Plaintiff's motion for a preliminary injunction. (ECF No. 35.)

Dated: June 16, 2020                              /s/ *Maarten Vermaat*
                                                  Maarten Vermaat
                                                  U.S. MAGISTRATE JUDGE

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).