UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS CORNELL
JACKSON #748757,

    Plaintiff,

v.

JOSEPH CORONADO, et al.,

    Defendants.
_____/

Case No. 2:18-cv-00019

Hon. Gordon J. Quist
U.S. District Judge

# REPORT AND RECOMMENDATION

## I. Introduction

This is a civil rights action brought by state prisoner Douglas Cornell Jackson pursuant to 42 U.S.C. § 1983. Jackson, who is represented by counsel, has repeatedly failed to participate in scheduled hearings in this case despite being told that his personal attendance was required. According, the undersigned respectfully recommends dismissal of this case with prejudice.

## II. Procedural History

Jackson is currently confined at the Baraga Correctional Facility. On August 19, 2019, the Court ordered a bench trial/evidentiary hearing to resolve disputed issues of fact regarding the exhaustion of administrative remedies. (ECF No. 30.) After a September 9, 2019, telephone status conference, which Jackson attended by telephone, the Court ordered appointment of counsel to assist with the bench trial/evidentiary hearing. (ECF Nos. 33, 34.) Jackson was appointed counsel on October 23, 2019. (ECF No. 40.)

Telephone status conferences were conducted on November 13, 2019, and on January 27, 2020. (ECF Nos. 43 and 50.) A bench trial was set for April 29, 2020. This trial was canceled due to in-person restrictions caused by the Covid-19 pandemic. (ECF Nos. 51 and 55.)

This initial cancellation led to a series of status conferences as the Court attempted to reschedule the hearing. First, the bench trial was rescheduled to be conducted by video conference on July 27, 2020. (ECF No. 61.) But, after a June 9, 2020 status conference, the bench trial was adjourned without date. (ECF No. 63.) A status conference was then held on June 30, 2020, and the video bench trial was rescheduled for September 29, 2020. (ECF Nos. 67, 68.)

On August 25, 2020, the Court received a letter from Jackson complaining about counsel's failure to file requested motions. (ECF No. 71) The Court then set a hearing on Jackson's letter regarding his his attorney. This hearing was to take place on September 8, 2020. (ECF No. 72.) Jackson was informed that he needed to participate in the September 8, 2020 hearing. (*Id.*)

Prior to the hearing on Jackson's concerns about his attorney, Jackson filed a motion to postpone the hearing due to illness. (ECF No. 74.) Jackson did not include supporting documentation with this motion. The Court granted the motion and rescheduled the hearing for September 14, 2020, with notice that Jackson must attend the hearing via the Court's conference line. (ECF Nos. 75 and 76.)

The Court also ordered Jackson or his counsel to provide medical documentation regarding his illness or quarantine status if he intended to make further requests to have future proceedings adjourned due to illness. (ECF No. 77.)

The Court held the noticed September 14, 2020 hearing regarding Jackson's concerns regarding counsel. (ECF No. 79.) The Court was informed that Jackson refused to attend the hearing. (*Id*.) As a result of Jackson's refusal to participate in the hearing, appointed counsel remained Jackson's attorney and the Court adjourned the September 29, 2020 bench trial. (*Id*. and ECF No. 80.) The Notice of Hearing Cancellation stated:

**NOTICE OF HEARING CANCELLATION**

The Bench Trial on the issue of exhaustion set in this matter for **September 29, 2020** is hereby **adjourned without date.** Adjourned due to pending motion regarding pro bono counsel and Plaintiff's refusal to participate in the September 14, 2020 final pretrial conference and hearing on the motion regarding counsel.

(ECF No. 80.) A hearing on Jackson's motion regarding counsel was rescheduled for September 29, 2020, and the notice indicated that Jackson's attendance was required. (ECF No. 81.)

**NOTICE OF HEARING**

TAKE NOTICE that a hearing on the following motion(s) has been **rescheduled** as set forth below:

Motion(s): Motion to Withdraw as Attorney (ECF No. 71)
Date/Time: September 29, 2020   09:30 AM
(previously set for 9/14/2020)
Magistrate Judge: Maarten Vermaat
Place/Location: by telephone

Plaintiff's participation by telephone is REQUIRED for this hearing. Attorney Sarka will remain on this case until the Court has discussed ECF No. 74 with Plaintiff and counsel. Pursuant to Order (ECF No. 77) Plaintiff is required to provide medical documentation regarding his absence at the hearing on 9/14 or any future requests for adjournment. Counsel for Defendants will coordinate the call with the MDOC to have Plaintiff available and call the Court's conference line.

MAARTEN VERMAAT
U.S. Magistrate Judge

Dated: September 14, 2020      By: /s/ C. A. Moore
                                   Courtroom Deputy

(ECF No. 81.)

On September 16, 2020, Jackson sent the Court a letter to clarify the issues that he has with his attorney and to explain that he never filed a motion for withdrawal of counsel despite accusing him of "intentional negligence" and that he preferred an appointed attorney who "is more loyal." (ECF No. 82.) As Jackson explained, he preferred an attorney who will follow his instructions. (*Id.*) Jackson also filed a letter requesting a Court order to obtain his medical papers to present for future requests to adjourn Court hearings.[1] (ECF No. 83.)

---

[1] Jackson has never explained the nature of his alleged illness.

4

On September 29, 2020, the Court again attempted to conduct a hearing on Jackson's concerns regarding his counsel. (ECF No. 87.) Once again, Jackson refused to attend the telephonic hearing. (*Id.*) Assistant Attorney General Raines indicated that there is video evidence showing that Jackson refused to leave his cell to attend the hearing. (*Id.*) In addition, Raines represented that he is unaware of any issues regarding Covid-19 at the Baraga Correctional Facility. (*Id.*)

Plaintiff's counsel, Mr. Sarka, advised the Court that Jackson wanted to proceed with his case, but that he did not know why Jackson refused to participate in the hearing. (*Id.*) Mr. Sarka further stated that he believed, without presenting evidence, Jackson's failure to attend the hearing was attributable to issues Jackson was having with prison staff. (*Id.*)

The Court indicated at the hearing that a recommendation to dismiss the case for Jackson's refusal to attend the hearing would be issued.

### III. Analysis

It is well settled that the Court has inherent authority to dismiss *sua sponte* an action with prejudice for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). As the United States Supreme Court explained:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law, e.g., 3 Blackstone, Commentaries (1768), 295—296, and dismissals for want of prosecution of bills in equity, e.g., id., at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b), which provides, in pertinent part:

> "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * *
>
> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."
>
> Petitioner contends that the language of this Rule, by negative implication, prohibits involuntary dismissals for failure of the plaintiff to prosecute except upon motion by the defendant. In the present case there was no such motion.
>
> We do not read Rule 41(b) as implying any such restriction. Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Id.* (footnotes omitted).

In addition, Fed. R. Civ. P. 16(f)(1) provides that sanctions, including dismissal of the case, may be imposed when either counsel or a party fails or refuses to appear at a scheduling or pretrial conference, fails to participate in the conference, or fails to obey a scheduling order or other pretrial order.

The Sixth Circuit set forth a four-factor test to determine whether dismissal of the case is appropriate.   Factors to be considered are:

> 1) whether the party's failure is due to willfulness, bad faith, or fault;

   2) whether the adversary was prejudiced by the dismissed party's conduct;

   3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

   4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir.2001); *Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (dismissal affirmed after plaintiff failed to appear at two court ordered conferences.)

  The Sixth Circuit stated that "[w]hile none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah,* 261 F.3d at 591. The Sixth Circuit has cautioned that without prior notice to a party that a case may be dismissed due to the failure to appear, attend, or participate in conferences and hearings, or to comply with Court orders, a sanction short of dismissal may be necessary. *Bowles v. City of Cleveland*, 129 F. App'x 239, 241–42 (6th Cir. 2005) (dismissal affirmed because counsel failed to attend status conferences); *Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988).

  Jackson was provided notice that he needed to attend the motion hearing in this case. Jackson chose not to attend. This has become a consistent pattern and Jackson has failed to attend telephone status conferences in at least one other case. In *Jackson v. Kokko*, 2:18-cv-15, Jackson refused to attend a telephone status

conference scheduled for April 23, 2020. (ECF No. 95.) On April 24, 2020, this Court issued an order explaining the delay that Jackson's refusal to attend the conference caused in that case. (ECF No. 96.) In addition to setting forth some of Jackson's extensive litigation history and ability to understand and litigate his numerous lawsuits, despite his claims otherwise, the Court warned Jackson specifically that his failure to participate in a future proceeding could result in a recommendation to dismiss for failure to prosecute. The Court stated:

> It is further noted that Jackson is warned that any future failure to participate in a Court scheduling proceeding, including any hearing or telephonic or video conference, without good cause may result in a recommendation to dismiss this case for failure to prosecute under Fed. R. Civ. P. 41.

(*Id.*, PageID.1424.)

Here Jackson, has failed to attend two motion hearings without good cause. Jackson's failure to attend the hearings has caused unnecessary delay in this case. The September 29, 2020, bench trial was adjourned solely because Jackson failed to attend the first motion hearing. When Jackson failed to attend the second motion hearing, the bench trial could not be rescheduled. The delays have caused prejudice to the Defendants and have wasted considerable time. Despite Jackson's history in a prior case and his refusal to attend conferences and hearings in this case, this Court rescheduled the hearing in this matter and adjourned the bench trial after Jackson refused to attend the first scheduled hearing on September 14, 2020. Nevertheless, despite the warning and Jackson's knowledge that his refusal to attend Court scheduled hearings could result in a recommendation of dismissal for failure to

prosecute, Jackson once again refused to attend a motion hearing on September 29, 2020. Jackson's intentional refusal to participate in this case has caused unnecessary delay and prejudice.

## IV. Recommendation

The undersigned respectfully recommends that the Court dismiss this case for failure to prosecute because Jackson was informed that his presence was required at scheduled hearings and he declined to attend despite a previous warning (in another case) that his failure to attend could result in dismissal of his case.

Dated: September 30, 2020 /s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).