UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

DOUGLAS CORNELL JACKSON
    PLAINTIFF,

FILED - MQ
December 7, 2020 10:28 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc SCANNED BY: /

CASE No. 2:18-CV-19

HON. GORDON J. QUIST

V

JOSEPH CORONADO ET AL.,
    DEFENDANT(S).

## MOTION FOR RECONSIDERATION

NOW COMES DOUGLAS JACKSON, IN PRO SE, MOVES THE COURT FOR RECONSIDERATION OF ITS NOVEMBER 25, 2020, ORDER FOR REASONS EXPLAINED BELOW.

PLAINTIFF JACKSON IS PRESENTLY CONFINED IN BARAGA CORRECTIONAL FACILITY (AMF), ADMINISTRATIVE SEGREGATION. THE UNITED STATES SUPREME COURT HAS HELD THAT THE FUNDAMENTAL CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS REQUIRES PRISON AUTHORITIES TO ASSIST INMATES IN THE PREPARATION AND FILING OF MEANINGFUL LEGAL PAPER BY PROVIDING PRISONERS WITH ADEQUATE LAW LIBRARIES OR ADEQUATE ASSISTANCE FROM PERSONS TRAINED IN THE LAW. SEE BOUNDS V SMITH, 430 US 817, 828 (1977). AMF'S LAW LIBRARY IS INADEQUATE AND ITS LEGAL WRITERS ARE CURRENTLY LAID IN DUE

-1-

TO QUARANTINE MEASURES THAT ARE INDEED IMPLEMENTED AT AMF. (SEE 11/16/20 MEMO, ATTACHED AS EXHIBIT 1)

ON OCTOBER 23, 2019, MAGISTRATE JUDGE ELLEN S. CARMODY SIGNED AN ORDER APPOINTING ATTORNEY GLENN THOMAS SARKA FOR PLAINTIFF JACKSON UNDER THE PRO BONO APPOINTMENT PLAN OF THE COURT. (ECF No. 40.) THEREAFTER, MAGISTRATE JUDGE MAARTEN VERMAAT REJECTED ALL LETTERS ADDRESSED TO UNITED STATES DISTRICT JUDGE GORDON J. QUIST, NO MATTER WHAT THE TOPIC OF THE CORRESPONDENCE WAS. NEVERTHELESS, SOME LETTERS WERE DETERMINED TO BE MOTIONS BY VERMAAT. HOWEVER, SUCH DETERMINATIONS ARE UNREASONABLE BECAUSE THE RECORD DEMONSTRATES THAT MAARTEN VERMAAT ISSUED NUMEROUS ORDER STATING THAT "JACKSON IS REPRESENTED BY COUNSEL. ALL FILINGS SHOULD BE SUBMITTED TO THIS COURT THROUGH JACKSON'S COUNSEL."

WHILE REPRESENTED BY ATTORNEY SARKA, MAGISTRATE VERMAAT ENTERED AN ORDER ON SEPTEMBER 9, 2020, STATING IN RELEVANT PART, "IF PLAINTIFF JACKSON WISHES TO ADJOURN FUTURE HEARINGS... HIS ATTORNEY MUST FILE MEDICAL DOCUMENTATION...." (ECF No. 77.) MR. SARKA, FAILED TO MAKE SUCH FILINGS. ON SEPTEMBER 30, 2020 MAGISTRATE VERMAATED ISSUED A REPORT AND RECOMMENDATION, (ECF No. 88.) WHILE ATTORNEY SARKA WAS REPRESENTING MR. JACKSON. THE RECORD REVEALS THAT VERMAAT'S R+R PROVIDED MR. SARKA WITH

-2-

NOTICE THAT OBJECTIONS TO THE R&R MUST BE SERVED ON OPPOSING PARTIES AND FILED WITH THE CLERK OF THE COURT WITHIN FOURTEEN (14) DAYS OF RECEIPT OF THE REPORT AND RECOMMENDATION. (SEE ECF No. 88, PAGEID. 514.) IN A LETTER DATED OCTOBER 5, 2020, ATTORNEY SARKA DID ACKNOWLEDGE THAT HE RECEIVED MAGISTRATE VERMAAT'S SEPTEMBER 30, 2020 REPORT AND RECOMMENDATION, AND THAT SARKA WAS AWARE OF THE OCTOBER 14, 2020 DEADLINE FOR FILING AN OBJECTION. (SEE SARKA'S 10/5/20 LETTER ATTACHED AS EXHIBIT 2)

AWARE THAT ATTORNEY GLENN THOMAS SARKA WOULD ATTEMPT TO SABOTAGE THIS CIVIL RIGHTS ACTION, JACKSON SUBMITTED A LETTER PROPERLY ADDRESSED TO JUDGE GORDON J. QUIST, OBJECTING TO VERMAAT'S SEPTEMBER 30, 2020 R&R. THE LETTER IS DATED OCTOBER 8, 2020. (SEE JACKSON'S 10/8/20 LETTER, ATTACHED AS EXHIBIT 3) MAGISTRATE VERMAAT ISSUED AN ORDER DATED OCTOBER 21, 2020 REJECTING THE LETTER. (SEE 10/21/20 ORDER, ATTACHED AS EXHIBIT 4) MOREOVER, JACKSON PROVIDED ATTORNEY SARKA A COPY OF THE OCTOBER 8, 2020 LETTER ADDRESSED TO JUDGE QUIST, BY UTILIZING BARAGA CORRECTIONAL FACILITY (AMF), PRISONER EXPEDITED LEGAL MAIL SYSTEM. (SEE LEGAL MAIL FORM (CSJ-318), ATTACHED AS EXHIBIT 5)

THEREFORE, THE RECORD HIGHLIGHTS THAT ATTORNEY SARKA INTENTIONALLY REFUSED TO FILE ANY OBJECTIONS TO MAGISTRATE JUDGE VERMAAT'S SEPTEMBER 30, 2020 REPORT AND RECOMMENDATION

-3-

THEREBY PURPOSELY FAILING IN HIS LEGAL AND OR ETHICAL OBLIGATION TO DO SO. THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, UNITED STATES v WALTERS, 638 F2D 947 (6TH CIR. 1981), AND U.S. SUPREME COURT, THOMAS v ARN, 474 US 140 (1985), HAVE BOTH DETERMINED THAT, "FAILURE TO FILE TIMELY OBJECTIONS CONSTITUTES A WAIVER OF ANY FURTHER RIGHT TO APPEAL."

HERE, AFTER REFUSING TO FILE THE REQUIRED TIMELY OBJECTIONS; ON NOVEMBER 10, 2020, SARKA THEN FILED A MOTION TO WITHDRAW AS JACKSONS LAWYER WITH MAGISTRATE VERMAAT, (SEE ECF No. 96.) WHOM GRANTED THE REQUEST ON NOVEMBER 23, 2020. (ECF No. 97.) HOWEVER, VERMAAT DID NOT ACKNOWLEDGE OR ADDRESS MR. SARKA'S REQUEST THAT MR. JACKSON BY GIVEN SUBSTITUTE COUNSEL.

IT IS ON THIS RECORD, AS SHOWN ABOVE, THAT THIS COURT FAILED TO ACKNOWLEDGE THE EFFECT OF WALTERS, SUPRA, AND THOMAS, SUPRA, WITH RESPECT (1) THE ORIGINAL OCTOBER 14, 2020 DEADLINE FOR FILING OBJECTIONS; AND (2) AS ENFORCED BY 28 USC § 636(b)(1)(C) AND FED. R. CIV. P. 72(b); AND W.D. MICH. LCIVR 72.3(b); SEE ALSO ECF No. 88, PAGEID. 514.

BECAUSE ATTORNEY SARKA INTENTIONALLY REFUSED TO TIMELY FILE ANY OBJECTION, THIS COURT NEED ONLY SATISFY ITSELF THAT THERE IS NO CLEAR ERROR ON THE FACE OF THE RECORD IN ORDER TO

-4-

accept the recommendation. See <u>Campbell</u> v <u>United States Dist.</u> <u>Court</u>, 501 F2D 196, 206 (9th Cir. 1974).

Hence, any allegation by defense counsel at the September 29, 2020, hearing that there is video evidence showing Jackson refusing to leave his cell for the hearing, must not be reviewed by this court. The reasoning is twofold. First, the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. Here, Mr. Sarka did not make/file any objections, nor did the defendants. (ECF No. 98, PageID. 555.) Thus, there is no objection for the district judge to resolve.

Second, this alleged video has not been inspected by Mr. Jackson or his attorney; Baraga Correctional Facility (AMF) prison athorities were not asked to produce any such video to the defendants or their counsel, which shows that prison athorities have a stake in the outcome of these proceedings. It appears that even though such prison authorities are not parties in this action, they go about collecting evidence for the defendants, and provide affidavits. Thereby making the case unfair because Jackson is not given a handheld camcorder or audio recording devise. Simply stated, disclosure and discovery rules will be violated, and may have already been violated as we believe that the court will have review video evidence before this pleading reaches the court. Plaintiff Jackson demands

-5-

TO REVIEW ANY AND ALL VIDEO EVIDENCE SUBMITTED AND OR FILED WITH THIS COURT.

## CONCLUSION

FOR ALL OR ANY OF THE FOREGOING REASONS, A DIFFERENT DISPOSITION MUST RESULT FROM CORRECTION OF THE ERROR.

RESPECTFULLY SUBMITTED,

DATED ON: DECEMBER/ELUL 4, 2020

S/ DOUGLAS JACKSON
IN PRO SE
# 748757
BARAGA CORRECTIONAL FAC.
13924 WADAGA ROAD
BARAGA, MI 49908

- 6 -

Case 2:18-cv-00019-GJQ-MV ECF No. 101, PageID.571 Filed 12/07/20 Page 7 of 8

MR. DOUGLAS JACKSON
# 748757
BARAGA CORRECTIONAL FACILITY
13924 WADAGA ROAD
BARAGA, MI 49908

LEGAL MAIL
U.S. FEDERAL MAIL.

UNITED S
OFFICE
202 W.
MARQUET



TATES DISTRICT COURT
OF THE CLERK
WASHINGTON ST.
TE, MICHIGAN 49855